BEFORE THE SECOND DIVISION, NOVEMBER 18, 1963

No. 68122.—Border Brokerage Co. v. United States, protest 60/13883 (Seattle).

FORD, Judge: The merchandise the subject of this protest is described on the invoice as single-headed 16-carrier round braiding machine, size 224-mm pitch, with supported carriers' guiding system hermetically enclosed oil bath, individual underframe, complete with accessories, electric motor. It was assessed with duty at the rate of 19 per centum ad valorem under paragraph 372 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, which provides as follows:

Knitting, braiding, lace braiding, and insulating machines, and all other similar textile machinery, finished or unfinished, not specially provided for * * * _____ 19% ad val.

Plaintiff contends that said machine does not fall within the definition of textile machinery, since the product produced is rope. Under this theory, the plaintiff contends said machine is properly dutiable at 14 per centum ad valorem under said paragraph 372, as modified, *supra*, which provides as follows:

Machines, finished or unfinished, not specially provided for:

\* \* \* \* \* \* \*

* * * cordage machines; * * * _____ 14% ad val.

An alternative claim that said merchandise is dutiable at 15 per centum ad valorem under paragraph 353, as modified by the General Agreement on Tariffs

and Trade, 82 Treas. Dec. 305, T.D. 51802, is also made. The pertinent provision of said paragraph is as follows:

> * * * and articles having as an essential feature an electrical element or device, * * * finished or unfinished, wholly or in chief value of metal, and not specially provided for:
>
> \*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*
>
> Other articles * * * _____ 15% ad val.

There does not seem to be any question that the involved machine produces three types of rope by braiding. We have before us a photograph of the involved machine, received in evidence as plaintiff's illustrative exhibit 1, as well as samples of various types of braided rope, received in evidence as plaintiff's exhibits 2, 3, and 4.

It is the position of plaintiff herein that, since the provision of paragraph 372, under which the classification was made, contains the language "and all other similar textile machinery," said provision relates only to such machines as produce textile materials or textile articles. It is contended that since the involved machine manufactures rope and as rope is not a textile material or textile product, classification should have been properly made under the provision for "cordage machines."

It is the position of the defendant that the fact the machine in question produces rope does not *ipso facto* make it a cordage machine or something more than a braiding machine. In the case of *Whitlock Cordage Co.* v. *United States,* 13 Ct. Cust. Appls. 656, T.D. 41490, the court discussed congressional intent, as it is applicable to the scope of textile machinery:

> The Congress, in the provision under consideration, has not used the word textile in a limited or narrow sense. This conclusion is inevitable from a careful reading of the statute. The Congress has provided for "knitting, braiding, lace braiding, and insulating machines, and all other *similar textile machinery.* * * *" (Italics ours.) Obviously, knitting machines do not produce *woven* fabrics. Yet they are referred to in the statute as textile machinery.
>
> * * * it is argued that it was intended by the Congress to include within the provision for "all other textile machinery or parts thereof" only such machinery as *produced fabrics.* It is true that most of the machines enumerated in the provisions under consideration in this case produce fabrics. But there is nothing in the statute to indicate that the Congress intended to exclude from the operation of its provisions all textile machines which do not produce fabrics. The statute contains a provision for "embroidery machines." Surely it would not be contended by counsel for the appellant that the provision for embroidery machines was intended to be limited to such as produced fabrics. [All italics quoted.]

The Summaries of Tariff Information (1948), under paragraph 372, covering braiding, lace braiding, and insulating machines, and similar textile machinery, and parts, makes the following comment:

> This summary covers braiding, insulating, and similar textile machinery, and parts. The equipment included is of three general types as follows: (1) The comparatively simple Maypole type of braider which is used to produce sash cords, shoelaces, fire-hose covering, electric wire and cable covering, and ornamental braids; (2) the Barmen braider, which produces a fabric that is similar to handmade lace; and (3) the high-speed braider, which is used chiefly for insulating electric wires and cables.

This same summary, under "Cordage Machinery and Parts," makes the following statements:

> This summary covers machines designed to produce yarns exclusively for cordage and machines used to convert yarn into rope and cable; it also covers parts for such equipment. * * *
>
> \*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

Rope machines consist of formers and layers. These machines are actually twisting machines, but they are much heavier and larger than those used for general textile purposes. Formers twist together two or more yarn ends from a spinning frame to form strand or plied yarn; this product may be used as such or two or more plied yarns may be twisted together on laying machines to form rope. Laying machines are also used to form cable, but very heavy machines are used for this purpose as they twist together several finished ropes instead of strand. Forming and laying operations are performed not only on separate machines, but on compound machines, which perform both operations simultaneously.

It would appear from the foregoing that the *eo nomine* designation for braiding machines covers such machines as produce articles which are not necessarily limited to textile materials or textile articles, i.e., sashcords, shoelaces, firehose coverings, etc.

On the other hand, it is to be noted that the cordage machines covered by this portion of paragraph 372, *supra*, are actually twisting machines. Accordingly, it is quite apparent that rope may be made by at least two methods—i.e., braiding or twisting.

It is our considered opinion that braiding machines, although they only produce ropes, are provided for under the provision in paragraph 372, *supra*, as classified herein.

It is also to be noted that the provision under which plaintiff claims is carved out of the "machines, finished or unfinished, not specially provided for," portion of paragraph 372, *supra*. Accordingly, the braiding machines provision is more specific and should prevail.

In view of the foregoing, it is not necessary to consider the alternative claim under paragraph 353, *supra*.

The protest is, therefore, overruled. Judgment will be entered accordingly.